IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

LESLIE DAVID ANTOINE, )
#10311-040 )
 )
    Petitioner, )
 )  Case No. 17–cv–915–DRH
vs. )
 )
B. TRUE, )
 )
    Respondent. )

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Petitioner Leslie Antoine, who is currently incarcerated in the Federal Correctional Institution in Marion, Illinois, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1). In the Petition, he argues that his federal conviction under 18 U.S.C. § 2241(c) should be vacated because 18 U.S.C. § 2241 was enacted in violation of Article I of the Constitution and thus is invalid. (Doc. 1).

## Background

Petitioner was convicted in 2001 of aggravated sexual abuse in the Western District of Michigan. *United States v. Antoine*, No. 1:00-cr-00272-JTN-1 (W.D. Mich. Sept. 17, 2001). He was sentenced to 300 months of imprisonment in the custody of the Federal Bureau of Prisons. *Id.* Petitioner appealed his conviction to the Sixth Circuit Court of Appeals, but the appeal was dismissed and his sentence and conviction under 18 U.S.C. § 2241 were not overturned. *Id.* at

1

Docs. 43, 48. Plaintiff has repeatedly attempted to challenge his conviction ever since. He filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 in the United States District Court for the Western District of Michigan. *See Antoine v. United States*, No. 15-cv-909-JTN (W.D. Mich. Sept. 9, 2015). This action was unsuccessful. *United States v. Antoine*, No. 1:00-cr-00272-JTN-1 at Doc. 54. He appealed the denial of his § 2255 petition to the Sixth Circuit Court of Appeals, but this action was also unsuccessful. *See id.* at Doc. 57. Finally, he petitioned for a writ of certiorari with the United States Supreme Court, but this petition was also denied. *See id.* at Doc. 59.

Rule 4 of the Rules Governing Section 2254 cases in United States District Courts provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas cases. After carefully reviewing DeCarlo's Petition, the Court concludes that DeCarlo is not entitled to relief and that his Petition must be dismissed.

## Discussion

Normally, a person may challenge his federal conviction only by means of a motion brought before the sentencing court pursuant to 28 U.S.C. § 2255, and this remedy normally supersedes the writ of habeas corpus. A § 2241 petition by a federal prisoner is generally limited to challenges to the execution of the

2

sentence.  *Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998); *Atehortua v. Kindt*, 951 F.2d 126, 129 (7th Cir. 1991).  Federal prisoners may utilize § 2241, however, to challenge the legality of a conviction or sentence in cases under the "savings clause" of § 2255(e).  The savings clause allows a petitioner to bring a claim under § 2241, where he can show that a remedy under § 2255 is inadequate or ineffective to test the legality of his detention.  *Id*.  *See also United States v. Prevatte*, 300 F.3d 792, 798-99 (7th Cir. 2002).

The Court of Appeals for the Seventh Circuit has held that § 2255 is only inadequate or ineffective when three requirements are satisfied: 1) the petitioner relies on a new case of statutory interpretation rather than a constitutional decision; 2) the case was decided after his first § 2255 motion but is retroactive; and 3) the alleged error results in a miscarriage of justice.  *See Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013); *Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012).  "'Inadequate or ineffective' means that 'a legal theory that could not have been presented under § 2255 establishes the petitioner's actual innocence.'"  *Hill v. Werlinger*, 695 F.3d 644, 648 (7th Cir. 2012) (citing *Taylor v. Gilkey*, 314 F.3d 832, 835 (7th Cir. 2002)); *In re Davenport*, 147 F.3d 605, 608 (7th Cir. 1998)).

The grounds advanced by Petitioner do not rely on a change in the law that occurred after his § 2255 motion was denied.  In fact, he brought the same arguments he brings in the instant Petition in his § 2255 motion.  His § 2255 motion on this issue was denied because it "was not filed within one year of the date 'on which the facts supporting [his] claim . . . could have been discovered,'"

3

since Petitioner "refers to actions . . . that occurred thirty years ago" and "[t]he legislators' actions are a matter of public record that would have been discoverable at the time of Antoine's conviction in 2001." (Doc. 1, pp. 10-11) (citing 28 U.S.C. § 2255(f)(4)). Petitioner has therefore not met the requirements for bringing a § 2241 petition under the savings clause.

Leslie David Antoine's Petition for habeas relief pursuant to § 2241 is hereby **DISMISSED WITH PREJUDICE**.

All pending motions are **DENIED** as moot.

**IT IS SO ORDERED.**

Digitally signed by Judge David R. Herndon
Date: 2017.10.26 14:41:50 -05'00'

**UNITED STATES DISTRICT JUDGE**